26411. MAYOR & COUNCIL OF BUTLER *v.* DUNCAN.

DECIDED OCTOBER 15, 1937.

*C. W. Foy,* for plaintiff in error.

FELTON, J.  F. R. Duncan filed suit by summons in a justice's court against the plaintiff in error, for fees for survey and services for proposed waterworks, said services being rendered on September 1, 1935.  Suit was for $200, less cash payment of $100. The municipality denied the account, on the ground that the city had no right or authority to use the tax money of the city for such purpose, and sought to recoup the $100 paid.  The case was appealed to the superior court by consent, and a verdict was directed against the city · for $100.  The defendant in error introduced the only evidence, it being substantially as follows: That defendant in error was an architect and engineer with offices in Columbus; that in September, 1935, he was called to Butler to consult with officials of the city regarding a proposed system of waterworks; that he consulted with M. R. Williamson, T. B. Joiner, and Mercer Smith, who were at that time members of the council; that most of his dealings were with Mr. Williamson; that he traded with Mr. Williamson as councilman, to survey the town of Butler for determination of costs and location for proposed municipal waterworks system; that he was to furnish the blueprints and specifications, and prepare and file an application for a grant of funds from the Public Works Administration; that he was advised that the city was to have an election for the purpose of floating bonds to finance. said system; that he agreed with Mr. Williamson that the city was to pay him $200 for the survey and blue-prints and other work, provided the bond flotation was not authorized by the voters according to law; that if the bond issue passed, he was to do the construction on a percentage basis; that he made the survey, prepared the specifications and the blueprints, made application to the Public Works Adminstration, and made two or three trips to Atlanta in the interest of the City of Butler; that the bond issue did not carry; that the city paid him $100, and advised him, in January, 1937, that if he would present the blue-prints and specifications that they would pay the balance of $100; that the blue-prints were sent, and upon receipt of them the payment of the balance of $100 was refused.  M. R. Williamson testified that he was a member of the council, and was

appointed on a committee to make a trade with the defendant in error; that proper resolutions were passed by the council authorizing the said trade; and that the facts detailed by defendant in error were substantially true.

The attorney for the plaintiff in error made a motion to dismiss the summons, on the ground that it did not appear therein that the account sued on was within the power of the municipality to enter into, or create a debt under the constitution of the State of Georgia. The court overruled this motion, and directed a verdict for the defendant in error. The plaintiff in error assigns that judgment as error.

■ There is no indication from the pleadings or the evidence that the transactions were other than cash transactions. While the balance on the alleged debt was not promptly paid, there is nothing in the pleadings or the evidence to indicate that the creation of a new debt was intended by the city or the defendant in error. The payment of the first $100 was proper, and did not involve the creation of a debt. The same is true of the promise to pay the second $100 upon the delivery of the plans and specifications. The direction of the verdict against the city was proper.

■ Strictness of pleading not being required in a justice's court, there was no error in refusing to dismiss the summons because it did not allege that the debt sued for was within the city's power to contract.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*